IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| LOCADIO MOJICA | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. _____ |
| | § | |
| FLOYD RAY PEAT and CRYSTAL | § | |
| RIVER OIL & GAS, LLC, | § | |
| *Defendants.* | § | |

# PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY

LOCADIO MOJICA Plaintiff, brings this action for damages against FLOYD RAY PEAT and CRYSTAL RIVER OIL & GAS, LLC., Defendants, and respectfully show as follows:

## I.   PARTIES

1.01   Plaintiff Locadio Mojica is an individual who resides in Idalou, Lubbock County, Texas.

1.02   Upon information and belief, at all times material hereto, Defendant Floyd Ray Peat (hereinafter referred to as "Defendant Peat") is an individual who resides in Enid, Garfield County, Oklahoma, and an employee of Defendant Crystal. Defendant Peat may be served with summons at his last known residence located at 702 Windmeer Ave., Enid, Oklahoma 73701.

1.03   Defendant CRYSTAL RIVER OIL & GAS, LLC (hereinafter referred to as "Defendant Crystal") is believed to be a foreign limited liability corporation registered to do business in the state of New Mexico. Defendant Crystal may be served with summons by serving its registered agent, Reiner W. Klawiter located at 35 Haven Hill Road, Artesia, NM 88210.

## II.   JURISDICTION AND VENUE

2.01   As stated above, there is complete diversity of citizenship between Plaintiff and Defendants. The subject matter of the claim of Plaintiff in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

2.02   Venue is proper in the United States District Court, District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.   FACTUAL ALLEGATIONS

3.01   On or about April 2, 2014, Plaintiff was travelling eastbound in a 2009 white Ford van and Defendant Peat was traveling southbound on in a 2008 white Ford pickup that was owned by Defendant Crystal.  Defendant Peat did not stop at the stop sign controlling southbound traffic. Defendant Peat ran the stop sign and violently struck the front-end of Plaintiff's vehicle causing Plaintiff to sustain severe bodily injuries.

3.02   Defendant Peat was cited by the investigating officer for excessive speed, failure to yield right of way, driver inattention, and driving with intoxicated

## IV.   FIRST CAUSE OF ACTION: NEGLIGENCE

*Negligence of Defendant Peat*

4.01   Defendant Peat had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Peat's negligent, careless, and reckless disregard of said duty.  Defendant Peat's breach of this duty consisted of, but is not limited to, the following acts and omissions:

      a. In failing to keep a proper lookout;
      b. In failing to control his speed;
      c. In failing to remain alert and pay proper attention
      d. In driving carelessly;
      e. In failing to avoid an auto collision;
      f. In failing to stop at a stop sign; and
      g. In operating a vehicle while intoxicated.

## V. SECOND CAUSE OF ACTION: NEGLIGENCE PER SE

**Negligence *Per Se* of Defendant Peat**

5.01    Plaintiff incorporates paragraphs 3.01 through 4.01 above.

5.02    Furthermore, conduct of Defendant Peat constitutes negligence and negligence *per se* for the following reasons:

      a. Driving a vehicle while under the influence of intoxicating liquor in violation of 66-8-102 NMSA (1978);

      b. Failing to yield right of way and stop at a stop sign in violation of 66-7-330(b) NMSA (1978);

      c. Not controlling his speed in a manner as to avoid a collision in violation of 66-7-301(b)(1) NMSA (1978); and

      d. Driving carelessly in violation of 66-8-114 NMSA (1978).

5.03    These sections create a standard of conduct, and Defendant Peat's conduct represents an unexcused violation of these standards. Plaintiff belongs to the class of persons that these statutes were meant to protect. Therefore, because of this violation, Defendant Peat is guilty of negligence *per se*.

## VI. THIRD CAUSE OF ACTION: NEGLIGENCE PER SE

***Respondeat Superior* of Defendant Crystal**

6.04    Vicarious liability for Plaintiff's injuries and damages attaches to Defendant Crystal through *respondeat superior* in the following respects:

      a. Defendant Peat was an employee of Defendant Crystal at the time of the incident;

    b. Defendant Peat was working in the scope and course of his employment at the time of the incident;

    c. Defendant Peat was acting in furtherance of Defendant Crystal at the time of the incident;

    d. Defendant Peat was working for the accomplishment of the object for which he was hired; and

    e. Defendant Peat's negligence is a proximate cause of Plaintiff's injuries and damages.

## VII. FOURTH CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE

7.01   Defendant Peat's negligence was a proximate cause of the collision.  Defendant Crystal was negligent in entrusting a vehicle owned by it to Defendant Peat. Defendant Crystal had actual or constructive knowledge that Defendant Peat was a reckless, incompetent, unsafe, and/or unfit driver, and was not reasonably capable of exercising sound judgment with relation to the operation of a motor vehicle.

## VIII. FIFTH CAUSE OF ACTION: GROSS NEGLIGENCE

8.01   The above-mentioned acts of negligence on the part of Defendants were of such character as to make Defendants guilty of gross negligence.  Defendants' acts of negligence when viewed objectively from the standpoint of Defendants involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff.  The gross negligence of Defendants was a proximate cause of the collision and of the injuries and damages suffered by Plaintiff.  As a result of Defendants' gross negligence, Plaintiff seeks and is entitled to an award of exemplary damages.

## IX.   DAMAGES

9.01   As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages and personal injuries and, as provided by New Mexico law, Plaintiff is entitled to recover for those damages. Plaintiff has suffered damages as follows:

    a. Physical pain sustained in the past;

    b. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

    c. Mental anguish sustained in the past;

    d. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    e. Physical impairment sustained in the past;

    f. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    g. Loss of wage earning capacity in the past;

    h. Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    i. Disfigurement sustained in the past;

    j. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    k. Medical care expenses sustained in the past; and

    l. Medical care expenses that, in reasonable probability, Plaintiff will require in the future.

## X.   JURY DEMAND

10.01   Plaintiff demands trial by jury for all issues so triable by right.

## XI. PRAYER FOR RELIEF

11.01   WHEREFORE, Plaintiff pray that Defendants be summoned and appear herein, and that, on final trial, Plaintiff recover from Defendants the following:

   a. past and future damages as set forth above;
   b. exemplary damages;
   c. pre-judgment and post-judgment interest at the highest rate allowed by law; and
   d. for such other relief, at law or at equity to which Plaintiff may show himself entitled.

        Respectfully Submitted,

        GLASHEEN, VALLES & INDERMAN, LLP
        P.O. Box 1976 (79408-1976)
        1302 Texas Avenue
        Lubbock, Texas 79401
        (806) 741-0284 - Telephone
        (806) 329-0595 - Facsimile
        jmedina@glasheenlaw.com

        _____
        Jason Medina
        State Bar No. 24046417

        **ATTORNEYS FOR PLAINTIFF**